Michael Dean THOMPSON, Appellant,

v.

The STATE of Texas, State.

No. 2-87-083-CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 3, 1987.

Sullivant, Woodlock, Underwood, Meurer, Shaw & Zielinski and Edmund J. Zielinski, Gainesville, for appellant.

Jack A. McGaughey, Dist. Atty., Montague, for appellee.

Before JOE SPURLOCK, II, HILL and LATIMORE, JJ.

## OPINION

HILL, Justice.

Michael Dean Thompson appeals from his conviction by a jury of the offense of manufacture of a controlled substance. The jury assessed his punishment at fifty years in the Texas Department of Corrections and a fine of $50,000. TEX.REV. CIV.STAT.ANN. art. 4476–15, sec. 4.031 (Vernon Supp.1987). In three points of error, Thompson urges that the trial court erred by not requiring the State to disclose the name of its confidential informant prior to the conclusion of the State's case.

We affirm, finding that the trial court did not err in failing to require the State to disclose the name of its informant prior to the conclusion of its case, because the name of the informant was privileged, and Thompson failed to establish any exception to the privilege.

On November 7, 1985, officials of the Texas Department of Public Safety, acting pursuant to a search warrant and in coordination with other law enforcement officials, searched Thompson's residence and recovered laboratory equipment and a quantity of amphetamine. Thompson does not attack the sufficiency of this evidence to support his conviction.

Thompson asserts in three points of error that the trial court erred in not requiring the State to provide him, sooner than it did, with the name of the confidential informant who was referred to in the affidavit supporting the search warrant. The State disclosed, after it had rested and the court had considered Thompson's motion for instructed verdict, that Teri Cooley was its confidential informant. Thompson had previously called Teri Cooley out of order as a witness in his behalf.

The United States Supreme Court has held that the necessity for disclosure of the name of a confidential informant depends upon the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors. *Roviaro v. United States*, 353 U.S. 53, 64, 77 S.Ct. 623, 629, 1 L.Ed.2d 639 (1957). "The name of the informant should be disclosed where the informer (1) participated in the offense; (2) was present at the time of the offense or arrest, or (3) was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged." *Parker v. State*, 713 S.W.2d 386, 391 (Tex.App.—Corpus Christi 1986, no pet.).

Rule 508 of the Texas Rules of Criminal Evidence sets forth the State's privilege to refuse to disclose the identity of its confidential informant in a case such as this one. In questioning the trial court's action in this case in not requiring an earlier disclosure, Thompson relies on two exceptions to the privilege as set forth in rule 508(c)(2) and (3). TEX.R.CRIM.EVID. 508.

Rule 508(c)(2) states that if it appears either from the evidence or other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issues of guilt or innocence, the court shall conduct an in camera hearing to give the State the opportunity, either through affidavit or by testimony, to present facts to enable the trial court to

determine whether the informant can, in fact, supply such testimony.

The rule seems to require that if the judge finds that the informant can supply such testimony, the State will either disclose the identity of the informant or the charges are to be dismissed. The record before us does not reflect that Teri Cooley participated in the offense, that she was present at the time of the offense or arrest, or that she was otherwise shown to be a material witness to the transaction or as to whether Thompson knowingly committed the act charged. We do not see, then, why her testimony would have been necessary to a further determination of the issues of guilt or innocence.

Rule 508(c)(3) requires the trial court to reveal the identity of the informer if information from the informer is relied upon to establish the legality of the means by which evidence is obtained and the judge is not satisfied that the information was received from an informer reasonably believed to be reliable or credible. The disclosure is to be in camera if requested by the State. There is nothing in the record to indicate that the officers did not believe Ms. Cooley, at the time that they made their affidavit, to be reliable or credible.

We therefore conclude that neither of the exceptions upon which Thompson relies are applicable in this case. Since no exception to the privilege applied, it was not error for the trial court not to have required a disclosure of the informant's name earlier than it was disclosed.

Teri Cooley was called out of order as a witness for Thompson. She testified that she and Greg Justice, a man with whom she was living at the time, had taken three footlockers to Thompson's house and unloaded them in his barn, about a month before Thompson's arrest. She stated that she did not know what was in the footlockers. She testified that she was arrested afterward, for another offense, but that she never returned to Thompson's house. Later, Deputy Doug Caffey of the Parker County Sheriff's Office testified that Cooley had accompanied him to Thompson's house shortly before the arrest of Thomp-son, although the record reflects that they only went to the drive off the main road. Cooley also had testified that to the best of her knowledge, there was never a drug lab on Thompson's premises. After Deputy Caffey testified that Cooley had previously come to him as an informant to advise him of the drug lab on Thompson's premises, Cooley was advised that she might have a perjury problem. She subsequently refused to answer any further questions on the ground that she wished to invoke her right not to incriminate herself.

■ Thompson contends that his inability to ask Ms. Cooley any further questions after learning that she was the informant deprives him of his right to confrontation, in violation of his rights under the sixth and fourteenth amendments to the Constitution of the United States. Ms. Cooley was not called as a witness against Thompson, but was called by him as a witness on his behalf. He does not cite any authority for his suggestion that he has the right to confront a witness that he has called in his own behalf, and we are not aware of any. As far as the information that she gave the officers is concerned, the trial court's only concern was whether the officers reasonably believed her to be reliable or credible, not whether she actually was telling the truth on the occasion in question.

■ It has been held that if a defendant makes a substantial preliminary showing that the affiant to a search warrant intentionally, knowingly, or with reckless disregard for the truth included a false statement therein, he must be afforded a hearing to determine the validity of his claim. *Hennessy v. State,* 660 S.W.2d 87, 92 (Tex. Crim.App.1983). Thompson complains that he could not make such a showing without knowing the informant's identity. If this were the rule, the identity of the informant would necessarily have to be disclosed in every case. There is no showing in the record that the affiant to the search warrant in this case included a false statement therein intentionally, knowingly, or in reckless disregard for the truth.

■ Finally, Thompson contends that his inability to know that Ms. Cooley was the informant violated his right to due process because his case was prejudiced by the fact that he called Ms. Cooley as a defense witness, her evidence was rebutted, and, due to the fact that she had been admonished of the penalties for perjury and had asserted her fifth amendment rights, he could not recall her to rebut the officer who rebutted her testimony. The difficulties related by Thompson are inherent in the privilege of not disclosing the name of a confidential informant. Nevertheless, the privilege has been upheld many times by the United States Supreme Court and the Texas Court of Criminal Appeals. Thompson does not refer us to any authority for his suggestion that the failure to disclose the informant's identity sooner than it was disclosed in this case violated his right to due process, and we are not aware of any. We overrule points of error numbers one, two, and three.

The judgment is affirmed.