In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00091-CV
______________________________


ROMERO MAYA, DEFENDANT PRINCIPAL, AND
COWBOY BAIL BONDS, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 363rd Judicial District Court
Dallas County, Texas
Trial Court No. F01-48878-PKW


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â The trial court awarded a $2,500.00 bond forfeiture judgment in favor of the State and against
Cowboy Bail Bonds. On appeal, Cowboy Bail Bonds contends the trial court should have ruled
against the State and in favor of Cowboy Bail Bonds' asserted affirmative defense. We affirm the
trial court's judgment.
Factual and Procedural Background
Â Â Â Â Â Â Â Â Â Â Â Â Police arrested and charged Romero Maya with delivery of a controlled substance, a felony
offense. See Tex. Health & Safety Code Ann. Â§Â§ 481.112 (penalty group 1), Â 481.1121 (penalty
group 1-A), 481.113 (penalty group 2), 481.114 (penalty groups 3 and 4) (Vernon 2003). Maya's
bond was set at $2,500.00. Maya hired Cowboy Bail Bonds to post bond on his behalf, which
Cowboy did January 30, 2001, and Maya was free pending trial. Maya regularly appeared at court
over the next year, until he failed to appear for an October 3, 2002, hearing. The trial court issued
a warrant for Maya's arrest and ordered the bond posted by Cowboy forfeited to the State. A
judgment nisi


 was signed the same day, and service was executed October 18, 2003. At trial on the
judgment nisi, Cowboy said it should not be held liable for the bond because, before the issuance of
the forfeiture in the criminal case, Cowboy filed an "affidavit to go off bond," which Cowboy
contends the trial court failed to act on before Maya's failure to appear in the criminal case, and the
trial court's failure to approve the affidavit to go off bond prevented Cowboy from securing an arrest
warrant which Cowboy could have used to lawfully apprehend Maya before he failed to appear
October 3. Cowboy asks us to reverse the trial court's judgment of forfeiture and hold the mere filing
of an "affidavit to go off bond" presents an affirmative defense to the forfeiture suit in this case.
Analysis
Â Â Â Â Â Â Â Â Â Â Â Â To resolve this issue, we are called on to analyze the meaning of Article 17.19 of the Texas
Code of Criminal Procedure, which governs this issue. When interpreting a statute, "our primary
goal is to ascertain and give effect to the Legislature's intent in enacting it." In re Canales, 52
S.W.3d 698, 702 (Tex. 2001). "If a statute is clear and unambiguous, we need not resort to rules of
[statutory] construction or other aids to construe it." Id. "Even then, however, we may consider,
among other things, the statute's objectives, its legislative history, and the consequences of a
particular construction." Id. 
Â Â Â Â Â Â Â Â Â Â Â Â Article 17.19 provides:
Â 
(a) Any surety, desiring to surrender his principal and after notifying the
principal's attorney, if the principal is represented by an attorney, in a manner
provided by Rule 21a, Texas Rules of Civil Procedure, of the surety's intention to
surrender the principal, may file an affidavit of such intention before the court or
magistrate before which the prosecution is pending. 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â . . . .
Â 
(b) If the court or magistrate finds that there is cause for the surety to
surrender his principal, the court shall issue a warrant of arrest or capias for the
principal. It is an affirmative defense to any liability on the bond that:
Â 
(1) the court or magistrate refused to issue a warrant of arrest or capias for
the principal; and
Â 
(2) after the refusal to issue the warrant or capias the principal failed to
appear.
Â 
(c) If the court or magistrate before whom the prosecution is pending is not
available, the surety may deliver the affidavit to any other magistrate in the county
and that magistrate, on a finding of cause for the surety to surrender his principal,
shall issue a warrant of arrest or capias for the principal.

Tex. Code Crim. Proc. Ann. art. 17.19 (Vernon Supp. 2004) (emphasis added).
Â Â Â Â Â Â Â Â Â Â Â Â Refusal is defined as "[t]he denial or rejection of something offered or demanded." Black's
Law Dictionary 1285 (7th ed. 1999). We hold that, for refusal to occur under Article 17.19, the
thing being refused (in this case an affidavit to go off bond) must first be offered by the party
requesting approval and in some manner called to the attention of the magistrate. This reading of
the statute is consistent with its plain language and its obvious intended purpose of first requiring
judicial review of items such as affidavits to go off bond before those instruments result in the
issuance of something as powerful as a warrant for a defendant's arrest. See Tex. Code Crim. Proc.
Ann. art. 17.19 (b), (c) (requiring magistrate find an affidavit to surrender principal be supported by
"cause"); Hernandez v. State, 600 S.W.2d 793, 794â95 (Tex. Crim. App. [Panel Op.] 1980)
(reversing defendant's heroin conviction because drugs were found as a result of a search that
occurred based on an Article 17.19 capias warrant that had been issued by the deputy district clerk
rather than by the magistrate).
Â Â Â Â Â Â Â Â Â Â Â Â Paulette Davis, an agent for Cowboy, testified she never personally talked to the trial court
about granting the affidavit to go off bond, nor did she ever approach the judge or the court
coordinator with the affidavit to go off bond so as to allow the judge to sign or refuse to sign the
document. As such, there is no evidence in the record to show the trial court denied or otherwise
refused to grant the affidavit to go off bond because there is no evidence in the record before us to
show the affidavit to go off bond was presented for the court's approval or refusal. 
Â Â Â Â Â Â Â Â Â Â Â Â Further, the statute provides the surety a remedy if the original magistrate is not available. 
The surety may "deliver" the affidavit to another magistrate in the county and "on a finding of cause
for the surety to surrender his principal, shall issue a warrant . . . ." See Tex. Code Crim. Proc.
Ann. art. 17.19(c). Delivery is "[t]he formal act of transferring or conveying something, such as a
deed; the giving or yielding possession or control of something to another." Black's Law
Dictionary 440 (7th ed. 1999). There is no evidence that the original magistrate was unavailable
or that the affidavit was delivered to another magistrate.
Â Â Â Â Â Â Â Â Â Â Â Â Cowboy sites McConathy v. State, 545 S.W.2d 166 (Tex. Crim. App. 1977), for its position
that the trial court erred. In McConathy, a bonding agent secured the principal's release by posting
a $200.00 surety. Thereafter, the principal failed to appear in court and the judge ordered a bond
forfeiture. Pursuant to a local custom, however, the surety was allowed a twenty-day grace period
in which to locate and surrender the principal. The surety was able to surrender the principal within
that time frame. For reasons unknown, the defendant was then again released from jail, with the
sheriff using the bond previously posted by the bonding agent as the assurance the defendant-principal would return for trialâeven though the sheriff did not first secure the bonding agent's
consent to release the principal from jail on that original bond. The principal again failed to appear
for trial, and the State then successfully prosecuted the forfeiture case, from which judgment the
surety appealed to the Texas Court of Criminal Appeals. Id. at 166â67. 
Â Â Â Â Â Â Â Â Â Â Â Â On review, the Texas Court of Criminal Appeals reversed the trial court's judgment of
forfeiture. The court found the bonding company should not have been liable for the defendant's
second bond forfeiture when the bonding company did not consent to the principal's release under
the original bond after the principal had been surrendered following the first bond forfeiture. Id. at
168. The court went on to state that a trial court has no discretion to refuse to issue a warrant
pursuant to a properly filed affidavit of surety. Id. at 168â69. The court's opinion did not, however,
go so far as to say the mere filing of an affidavit absolves the surety of any potential forfeiture
liability. Therefore, we do not read McConathy to support Cowboy's proposition (that the mere
filing of an affidavit to go off bond, without requiring the affidavit to be affirmatively presented to
the magistrate for signature or refusal, is sufficient to satisfy the elements of the affirmative defense
outlined in Tex. Code Crim. Proc. Ann. art. 17.19). 
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â January 2, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â January 14, 2004



ort-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoFootnoteTextCxSpMiddle, li.MsoFootnoteTextCxSpMiddle, div.MsoFootnoteTextCxSpMiddle
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoFootnoteTextCxSpLast, li.MsoFootnoteTextCxSpLast, div.MsoFootnoteTextCxSpLast
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
a:link, span.MsoHyperlink
 {mso-style-priority:99;
 color:blue;
 mso-themecolor:hyperlink;
 text-decoration:underline;
 text-underline:single;}
a:visited, span.MsoHyperlinkFollowed
 {mso-style-noshow:yes;
 mso-style-priority:99;
 color:purple;
 mso-themecolor:followedhyperlink;
 text-decoration:underline;
 text-underline:single;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:"Times New Roman";}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") f1;
 mso-first-header:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") f2;
 mso-first-header:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-035-CR%20Camp%20v.%20State%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00035-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  CHRISTINE L.
CAMP, Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 188th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Gregg County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 39278-A

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  On the basis
of a tip from a confidential informant, authorities obtained a warrant to search
Christine L. CampÂs Gregg County residence.Â 
The search uncovered cocaine.Â 
From CampÂs conviction for possession of cocaine, in an amount of four
grams or more but less than 200 grams, with intent to deliver, and her sentence
of five yearsÂ confinement, Camp appeals, complaining that the trial judge
erroneously did not recuse and that Camp was erroneously denied the identity of
the confidential informant.Â  We affirm
the trial courtÂs judgment, because (1) no recusal issue has been preserved for
review and (2) Camp did not establish a right to learn the confidential
informantÂs identity.

(1)Â Â Â Â Â Â Â  No Recusal Issue Has Been Preserved for
Review

Â 

Â Â Â Â Â Â Â Â Â Â Â  Camp argues
that recusal of the trial judge was required because he signed the probable
cause affidavit authorizing officers to search CampÂs home.[1]Â  Rule 18a of the Texas Rules of Civil
Procedure sets forth procedural requirements for seeking recusal. Â See Barron
v. Attorney Gen., 108 S.W.3d 379, 382 (Tex. App.ÂTyler 2003, no pet.); Gill v. Tex. DepÂt of Criminal Justice, Institutional Div., 3 S.W.3d 576, 579
n.3 (Tex. App.ÂHouston [1st Dist.] 1999, no pet.); see also Tex. R. Civ. P.
18a.Â  ÂAt least ten days before the date
set for trial . . ., any party may file with the clerk of the court a motion
stating grounds why the judge before whom the case is pending should not sit in
the case.ÂÂ  Tex. R. Civ. P. 18a(a).Â 
When a timely motion is filed, Âthe judge shall either recuse himself or
request the presiding judge of the administrative judicial district to assign a
judge to hear such motion.ÂÂ  Tex. R. Civ. P. 18a(c). Â This civil rule applies to criminal
cases.Â  Ex parte Sinegar, 324 S.W.3d 578, 581 (Tex. Crim. App. 2010)
(citing Arnold v. State, 853 S.W.2d
543, 544 (Tex. Crim. App. 1993) (en banc)); DeLeon
v. Aguilar, 127 S.W.3d 1, 5 n.3 (Tex. Crim. App. 2004) (orig. proceeding).

Â Â Â Â Â Â Â Â Â Â Â  The right to
complain of a judgeÂs refusal to recuse is waived if a party does not comply
with the mandatory requirements of Rule 18a. Â Barron,
108 S.W.3d at 382; see Gill, 3 S.W.3d
at 579. Â Under the rule, the party shall file
a timely, written, and verified motion to recuse. Â Tex. R.
Civ. P. 18a; see Aguilar, 127
S.W.3d at n.3; Barron, 108 S.W.3d at
382Â83; Gill, 3 S.W.3d at 579. Â Therefore, absent a timely, written, and
verified motion to recuse, a party fails to preserve any issue for appeal. Â Barron,
108 S.W.3d at 383 (noting possible exception regarding timeliness); see Gill, 3 S.W.3d at 579. Â In a criminal case, a trial judge has no duty
to recuse or refer if the recusal motion is not timely filed.Â  Aguilar,
127 S.W.3d 1, 5 n.3.

Â Â Â Â Â Â Â Â Â Â Â  The
following discussion, which occurred at the beginning of the hearing on CampÂs
motion to require disclosure of confidential informants, is the only hint in
the record suggesting that Camp wished for the trial judge to recuse:

[Defense
Attorney]:Â Â Â  And, Your Honor, just
priorÂjust for the record, I donÂt know ifÂif itÂs up to the Court, the actual
probable causeÂor the affidavit was signed by you for the search warrant, so I
donÂt know if that has any bearing.

Â 

THE COURT:Â  I donÂt think that disqualifies me from
hearing it.

Â 

[Defense Attorney]:Â  Okay, Your Honor.Â  I just wanted to put that on the record.

Â 

Camp failed to file a motion to recuse complying with the requirements
of Rule 18a.Â  Therefore, Camp Âwaived
[her] appellate complaintÂ related to recusal.Â 
Arnold, 853 S.W.2d at
545.Â  We overrule this point of error.

(2)Â Â Â Â Â Â Â  Camp Did Not Establish a Right to Learn
the Confidential InformantÂs Identity

Â 

Â Â Â Â Â Â Â Â Â Â Â  Camp also
claims the trial court erred in not ordering disclosure of the identity of the
confidential informant providing the information on which the search warrant
was based.Â  To provide clarity, we
emphasize here that Camp does not challenge the issuance of the search warrant
itself.Â  Therefore, this analysis should
not be confused with a probable-cause analysis under the United States
Constitution.Â  The issue is whether,
under Rule 508(c) of the Texas Rules of Evidence, the identity of the informant
should have been disclosed.

Â Â Â Â Â Â Â Â Â Â Â  Under
applicable rules, the State has a Âprivilege to refuse to disclose the identity
of a person who has furnished information relating to or assisting in an
investigation of a possible violation of a law to a law enforcement officer.ÂÂ  Tex. R.
Evid. 508(a).Â  But there are
exceptions to that privilege.Â  Disclosure
may be required, Âif it appears from the evidence in the case or from other
showing by a party that an informer may be able to give testimony . . . on
guilt or innocence in a criminal caseÂ or Âif information from an informer is
relied upon to establish the legality of the means by which evidence was
obtained and the court is not satisfied that the information was received from
an informer reasonably believed to be reliable or credible.ÂÂ  Tex. R.
Evid. 508(c)(2), (3).Â  Because the
informant was not present when officers executed the search warrant and found
the contraband, the informant would not be expected to be able to provide
testimony on guilt or innocence in this possession case.[2]Â  Thus, our focus is appropriately on whether
subparagraph (3) of Rule 508(c) would require disclosure of the informantÂs
identity, on the basis that the informant was relied on to furnish the legality
for the search that turned up the contraband and that the trial Âcourt is not
satisfiedÂ that the informant was Âreasonably believed to be reliable or
credible.Â

Â Â Â Â Â Â Â Â Â Â Â  Just filing
a motion for disclosure under Rule 508 does not entitle a defendant to a Âhearing,
much less compel disclosure.Â Â Bodin v. State, 807 S.W.2d 313, 318 (Tex.
Crim. App. 1991).Â  The defendant has the
threshold burden of demonstrating that the State must disclose the informerÂs
identity.Â  Id.; Hernandez, 956
S.W.2d at 702.Â  ÂThe burden is set low so
that even if the defendant does not know the nature of the informerÂs
testimony, the defendant may have an opportunity to demonstrate to the court
how the informantÂs testimony may be relevant.ÂÂ 
Hernandez, 956 S.W.2d at 702.

Â Â Â Â Â Â Â Â Â Â Â  Although the burden is low, it is real; evidence beyond
Âmere conjecture or speculationÂ must demonstrate that the informerÂs identity
is necessary. Â Bodin, 807 S.W.2d at 318; Hernandez,
956 S.W.2d at 702.Â  ÂThe informerÂs
potential testimony must significantly aid the defendant.Â Â Bodin, 807 S.W.2d at 318. Â Only after such a showing is the trial court
required to hold an in camera hearing.Â  Id. at 319. Â We review the trial courtÂs determination in
this matter for an abuse of discretion.Â  Ford v. State, 179 S.W.3d at 210 (citing
Taylor v. State, 604 S.W.2d 175, 179
(Tex. Crim. App. [Panel Op.] 1980)).

Â Â Â Â Â Â Â Â Â Â Â  The only
evidence presented during the hearing on the motion to disclose was the
probable-cause affidavit stating:

That, Affiant was contacted by a
confidential informant that stated that he/she had been to [CampÂs home] within
forty eight (48) hours of the issuance of this warrant and said confidential
informant further advised that he/she did at that time observe the suspect . .
. in possession of a quantity of cocaine.

Â 

That
Affiant was advised by the confidential informant that the suspected parties
.Â .Â . kept cocaine on their persons and that the cocaine was packaged
in plastic bags.

Â 

That
Affiant believes the confidential informantÂs information to be true and
reliable, because said confidential informant has provided Affiant with
information in the past.

Â 

That
Affiant knows that the confidential informant is familiar with the appearance
of cocaine.

Â 

That Affiant has knowledge of Christine
Camp residing at this residence for the past 4Â6 years.

Â 

Â Â Â Â Â Â Â Â Â Â Â  Â ÂRule 508(c)(3) requires an in camera hearing
where information from an informant is used to establish probable cause, and
the judge is not satisfied that the informant was reasonably believed to be
reliable or credible.ÂÂ  Murray, 864 S.W.2d at 118.Â  Pointing to the probable cause affidavit,
CampÂs counsel argued that Âwe donÂt know whether this person or persons are
credible or reliable. . . . The . . . information given by the confidential
informant is vague and generic. . . .Â  We
donÂt know whether or not [the confidential informant] had a criminal
history.ÂÂ  But the issue is not whether
the parties or the trial court might now believe or disbelieve the informant,
but whether the trial court was satisfied that the informant was reasonably
believed to be reliable or credible at the time the search warrant was applied
for.Â  See
Ashorn v. State, 802
S.W.2d 888, 892 (Tex. App.ÂFort Worth 1991, no pet.); Thompson v. State, 741 S.W.2d 229, 231 (Tex. App.ÂFort Worth 1987),
pet. refÂd, 763 S.W.2d 403 (Tex.
Crim. App. 1989).Â  

Â Â Â Â Â Â Â Â Â Â Â  Counsel
also added, without specification, that there were Âmany discrepancies in what
the affiant said versus what was actually found.ÂÂ  But the issue is also not whether the
informant might, after the fact, prove himself or herself unreliable or might
have been mistaken as to certain facts discovered on execution of the search
warrant; the issue is whether the trial court was satisfied that the informant
was reasonably believed reliable when the warrant was applied for.Â  See
Ashorn, 802 S.W.2d at 892; Thompson, 741 S.W.2d at 231.Â  The affiant averred belief that the
information from the confidential informant was reliable based on past
dealings.Â  The basis for this belief was
cited in the affidavit:Â  the informant
was familiar with the appearance of cocaine, had observed cocaine in CampÂs
home, and knew that Camp had lived in the residence Âfor the past 4-6
years.ÂÂ  Thus, CampÂs argument
questioning the informantÂs reliability was based merely on speculation, not on
any evidence.

Â Â Â Â Â Â Â Â Â Â Â  Because Camp
did not challenge the issuance of the warrant itself or argue that the
probable-cause affidavit did not make out probable cause to support the
warrantÂs issuance, she did not develop any evidence to subvert the trial
courtÂs implicit finding that the informant was reasonably believed.Â  Thus, the Rule 508(c)(3) exceptionÂwhere the
informantÂs information is relied on to justify getting the evidence, that is,
issuing the search warrantÂhas not been triggered.Â  With nothing in the record indicating that
the officer, when making out the affidavit seeking the search warrant, did not
believe the informant to be reliable or credible, even a direct challenge to
the warrant would not require a disclosure of the informantÂs identity.Â  See
Blake v. State, 125 S.W.3d 717 (Tex. App.ÂHouston [1st Dist.] 2003, no pet.).Â  Nothing in this record undermines the trial
courtÂs apparent finding of the informantÂs reliability.

Â Â Â Â Â Â Â Â Â Â Â  Consequently,
Camp did not meet the threshold burden to show that the Rule 508(c)(3)
exception to the StateÂs privilege applied.Â 
The trial court did not abuse its discretion in overruling CampÂs motion
seeking to require disclosure of the confidential informantÂs identity.Â  See Washington v. State, 902 S.W.2d 649, 656 (Tex.
App.ÂHouston [14th Dist.] 1995, pet. refÂd); Ashorn, 802 S.W.2d at 892; Bosquez v.
State, 792 S.W.2d 550, 552
(Tex. App.ÂEl Paso 1990, pet. refÂd).

Â Â Â Â Â Â Â Â Â Â Â  We affirm the
trial courtÂs judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  December
5, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  December
22, 2011

Â 

Do Not Publish

Â 

Â 

Â 











[1]The
grounds for disqualification and recusal of judges are listed in Texas Rule of
Civil Procedure Rule 18b.





[2]ÂIf
it appears from the evidence or from other showing that the informer may be
able to give . . . relevant testimony [as to guilt or innocence], an in
camera hearing is required where the State has the opportunity to show that
the testimony is not necessary to a fair determination of the issues of guilt
and innocence.ÂÂ  Murray v. State, 864 S.W.2d 111, 118 (Tex. App.ÂTexarkana 1993,
pet. refÂd).Â  In making this
determination, we may consider whether the informant participated in the
offense, was present at the time of the offense or arrest, or was otherwise
shown to be a material witness to the transaction or as to whether the
defendant knowingly committed the offense charged.Â  Id.Â  ÂHowever, when the informantÂs information is
used only to establish probable cause for a search warrant and the informant
was neither a participant in the offense for which the defendant is charged,
nor present when the search warrant was executed, the identity of the informant
need not be disclosed because his testimony is not essential to a fair
determination of guilt.ÂÂ  Ford v. State, 179 S.W.3d 203, 210 (Tex.
App.ÂHouston [14th Dist.] 2005, pet. refÂd).

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Camp
claims Âthat the informant is a necessity or would be necessary as a witnessÂ
to determine CampÂs guilt or innocence. Â The conclusion that the confidential informant
would be necessary in determining CampÂs guilt or innocence was not based on
any evidence presented to the trial court, and there was no attempt to
demonstrate how any testimony by the informant would be relevant to CampÂs
guilt or innocence.Â  There was no
indication from the record, including the probable cause affidavit, that the
informant participated in the offense, was present at the time of the offense
or arrest, was otherwise shown to be a material witness to the transaction, or
was a witness as to whetherÂ  Camp
knowingly committed the offense charged.Â 
ÂThe standard requiring disclosure requires more than speculation that
the informant may have relevant evidence.Â Â Hernandez v. State, 956 S.W.2d 699, 702
(Tex. App.ÂTexarkana 1997, no pet.); see
Bodin, 807 S.W.2d at 318.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Moreover,
the basis of the charge against Camp was the cocaine seized by officers during
a search of CampÂs home, not the information related by the confidential
informant.Â  Thus, the confidential
informant was not a necessary witness in determining CampÂs guilt or
innocence.Â  See Long v. State, 137 S.W.3d 726, 732Â33 (Tex. App.ÂWaco 2004,
pet. refÂd) (confidential informant not material witness where informant told
officers she had seen defendant manufacturing methamphetamine, because basis of
charge was seizure of evidence from defendantÂs homeÂseizure not witnessed by
informant).Â  The defendantÂs initial
burden is not met where a confidential informant provides only the initial
probable cause for a search warrant, not the evidence of guilt used in the
prosecution.Â  Id. at 733.Â  We find that
Camp did not meet her threshold burden to show that the Rule 508(c)(2)
exception to the StateÂs privilege applied.