

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00035-CR

_____

CHRISTINE L. CAMP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 39278-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

On the basis of a tip from a confidential informant, authorities obtained a warrant to search Christine L. Camp's Gregg County residence. The search uncovered cocaine. From Camp's conviction for possession of cocaine, in an amount of four grams or more but less than 200 grams, with intent to deliver, and her sentence of five years' confinement, Camp appeals, complaining that the trial judge erroneously did not recuse and that Camp was erroneously denied the identity of the confidential informant. We affirm the trial court's judgment, because (1) no recusal issue has been preserved for review and (2) Camp did not establish a right to learn the confidential informant's identity.

*(1)    No Recusal Issue Has Been Preserved for Review*

Camp argues that recusal of the trial judge was required because he signed the probable cause affidavit authorizing officers to search Camp's home.[1] Rule 18a of the Texas Rules of Civil Procedure sets forth procedural requirements for seeking recusal. *See Barron v. Attorney Gen.*, 108 S.W.3d 379, 382 (Tex. App.—Tyler 2003, no pet.); *Gill v. Tex. Dep't of Criminal Justice, Institutional Div.*, 3 S.W.3d 576, 579 n.3 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also* TEX. R. CIV. P. 18a. "At least ten days before the date set for trial . . ., any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case." TEX. R. CIV. P. 18a(a). When a timely motion is filed, "the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge

---

[1]The grounds for disqualification and recusal of judges are listed in Texas Rule of Civil Procedure Rule 18b.

to hear such motion." TEX. R. CIV. P. 18a(c). This civil rule applies to criminal cases. *Ex parte Sinegar*, 324 S.W.3d 578, 581 (Tex. Crim. App. 2010) (citing *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (en banc)); *DeLeon v. Aguilar*, 127 S.W.3d 1, 5 n.3 (Tex. Crim. App. 2004) (orig. proceeding).

The right to complain of a judge's refusal to recuse is waived if a party does not comply with the mandatory requirements of Rule 18a. *Barron*, 108 S.W.3d at 382; *see Gill*, 3 S.W.3d at 579. Under the rule, the party shall file a timely, written, and verified motion to recuse. TEX. R. CIV. P. 18a; *see Aguilar*, 127 S.W.3d at n.3; *Barron*, 108 S.W.3d at 382–83; *Gill*, 3 S.W.3d at 579. Therefore, absent a timely, written, and verified motion to recuse, a party fails to preserve any issue for appeal. *Barron*, 108 S.W.3d at 383 (noting possible exception regarding timeliness); *see Gill*, 3 S.W.3d at 579. In a criminal case, a trial judge has no duty to recuse or refer if the recusal motion is not timely filed. *Aguilar*, 127 S.W.3d 1, 5 n.3.

The following discussion, which occurred at the beginning of the hearing on Camp's motion to require disclosure of confidential informants, is the only hint in the record suggesting that Camp wished for the trial judge to recuse:

> [Defense Attorney]: And, Your Honor, just prior—just for the record, I don't know if—if it's up to the Court, the actual probable cause—or the affidavit was signed by you for the search warrant, so I don't know if that has any bearing.
>
> THE COURT: I don't think that disqualifies me from hearing it.
>
> [Defense Attorney]: Okay, Your Honor. I just wanted to put that on the record.

Camp failed to file a motion to recuse complying with the requirements of Rule 18a. Therefore, Camp "waived [her] appellate complaint" related to recusal. *Arnold*, 853 S.W.2d at 545. We overrule this point of error.

*(2)    Camp Did Not Establish a Right to Learn the Confidential Informant's Identity*

Camp also claims the trial court erred in not ordering disclosure of the identity of the confidential informant providing the information on which the search warrant was based. To provide clarity, we emphasize here that Camp does not challenge the issuance of the search warrant itself. Therefore, this analysis should not be confused with a probable-cause analysis under the United States Constitution. The issue is whether, under Rule 508(c) of the Texas Rules of Evidence, the identity of the informant should have been disclosed.

Under applicable rules, the State has a "privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer." TEX. R. EVID. 508(a). But there are exceptions to that privilege. Disclosure may be required, "if it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony . . . on guilt or innocence in a criminal case" or "if information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible." TEX. R. EVID. 508(c)(2), (3). Because the informant was not present when officers executed the search warrant

4

and found the contraband, the informant would not be expected to be able to provide testimony on guilt or innocence in this possession case.[2] Thus, our focus is appropriately on whether subparagraph (3) of Rule 508(c) would require disclosure of the informant's identity, on the basis that the informant was relied on to furnish the legality for the search that turned up the contraband and that the trial "court is not satisfied" that the informant was "reasonably believed to be reliable or credible."

Just filing a motion for disclosure under Rule 508 does not entitle a defendant to a "hearing, much less compel disclosure." *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App.

---

[2]"If it appears from the evidence or from other showing that the informer may be able to give . . . relevant testimony [as to guilt or innocence], an *in camera* hearing is required where the State has the opportunity to show that the testimony is not necessary to a fair determination of the issues of guilt and innocence." *Murray v. State*, 864 S.W.2d 111, 118 (Tex. App.—Texarkana 1993, pet. ref'd). In making this determination, we may consider whether the informant participated in the offense, was present at the time of the offense or arrest, or was otherwise shown to be a material witness to the transaction or as to whether the defendant knowingly committed the offense charged. *Id*. "However, when the informant's information is used only to establish probable cause for a search warrant and the informant was neither a participant in the offense for which the defendant is charged, nor present when the search warrant was executed, the identity of the informant need not be disclosed because his testimony is not essential to a fair determination of guilt." *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

Camp claims "that the informant is a necessity or would be necessary as a witness" to determine Camp's guilt or innocence. The conclusion that the confidential informant would be necessary in determining Camp's guilt or innocence was not based on any evidence presented to the trial court, and there was no attempt to demonstrate how any testimony by the informant would be relevant to Camp's guilt or innocence. There was no indication from the record, including the probable cause affidavit, that the informant participated in the offense, was present at the time of the offense or arrest, was otherwise shown to be a material witness to the transaction, or was a witness as to whether Camp knowingly committed the offense charged. "The standard requiring disclosure requires more than speculation that the informant may have relevant evidence." *Hernandez v. State*, 956 S.W.2d 699, 702 (Tex. App.—Texarkana 1997, no pet.); *see Bodin*, 807 S.W.2d at 318.

Moreover, the basis of the charge against Camp was the cocaine seized by officers during a search of Camp's home, not the information related by the confidential informant. Thus, the confidential informant was not a necessary witness in determining Camp's guilt or innocence. *See Long v. State*, 137 S.W.3d 726, 732–33 (Tex. App.—Waco 2004, pet. ref'd) (confidential informant not material witness where informant told officers she had seen defendant manufacturing methamphetamine, because basis of charge was seizure of evidence from defendant's home—seizure not witnessed by informant). The defendant's initial burden is not met where a confidential informant provides only the initial probable cause for a search warrant, not the evidence of guilt used in the prosecution. *Id.* at 733. We find that Camp did not meet her threshold burden to show that the Rule 508(c)(2) exception to the State's privilege applied.

1991). The defendant has the threshold burden of demonstrating that the State must disclose the informer's identity. *Id.*; *Hernandez*, 956 S.W.2d at 702. "The burden is set low so that even if the defendant does not know the nature of the informer's testimony, the defendant may have an opportunity to demonstrate to the court how the informant's testimony may be relevant." *Hernandez*, 956 S.W.2d at 702.

Although the burden is low, it is real; evidence beyond "mere conjecture or speculation" must demonstrate that the informer's identity is necessary. *Bodin*, 807 S.W.2d at 318; *Hernandez*, 956 S.W.2d at 702. "The informer's potential testimony must significantly aid the defendant." *Bodin*, 807 S.W.2d at 318. Only after such a showing is the trial court required to hold an in camera hearing. *Id.* at 319. We review the trial court's determination in this matter for an abuse of discretion. *Ford v. State*, 179 S.W.3d at 210 (citing *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980)).

The only evidence presented during the hearing on the motion to disclose was the probable-cause affidavit stating:

> That, Affiant was contacted by a confidential informant that stated that he/she had been to [Camp's home] within forty eight (48) hours of the issuance of this warrant and said confidential informant further advised that he/she did at that time observe the suspect . . . in possession of a quantity of cocaine.
>
> That Affiant was advised by the confidential informant that the suspected parties . . . kept cocaine on their persons and that the cocaine was packaged in plastic bags.
>
> That Affiant believes the confidential informant's information to be true and reliable, because said confidential informant has provided Affiant with information

6

in the past.

That Affiant knows that the confidential informant is familiar with the appearance of cocaine.

That Affiant has knowledge of Christine Camp residing at this residence for the past 4–6 years.

"Rule 508(c)(3) requires an in camera hearing where information from an informant is used to establish probable cause, and the judge is not satisfied that the informant was reasonably believed to be reliable or credible." *Murray*, 864 S.W.2d at 118. Pointing to the probable cause affidavit, Camp's counsel argued that "we don't know whether this person or persons are credible or reliable. . . . The . . . information given by the confidential informant is vague and generic. . . . We don't know whether or not [the confidential informant] had a criminal history." But the issue is not whether the parties or the trial court might now believe or disbelieve the informant, but whether the trial court was satisfied that the informant was reasonably believed to be reliable or credible at the time the search warrant was applied for. *See Ashorn v. State*, 802 S.W.2d 888, 892 (Tex. App.—Fort Worth 1991, no pet.); *Thompson v. State*, 741 S.W.2d 229, 231 (Tex. App.—Fort Worth 1987), *pet. ref'd*, 763 S.W.2d 403 (Tex. Crim. App. 1989).

Counsel also added, without specification, that there were "many discrepancies in what the affiant said versus what was actually found." But the issue is also not whether the informant might, after the fact, prove himself or herself unreliable or might have been mistaken as to certain facts discovered on execution of the search warrant; the issue is whether the trial court was

7

satisfied that the informant was reasonably believed reliable when the warrant was applied for. *See Ashorn*, 802 S.W.2d at 892; *Thompson*, 741 S.W.2d at 231. The affiant averred belief that the information from the confidential informant was reliable based on past dealings. The basis for this belief was cited in the affidavit: the informant was familiar with the appearance of cocaine, had observed cocaine in Camp's home, and knew that Camp had lived in the residence "for the past 4-6 years." Thus, Camp's argument questioning the informant's reliability was based merely on speculation, not on any evidence.

Because Camp did not challenge the issuance of the warrant itself or argue that the probable-cause affidavit did not make out probable cause to support the warrant's issuance, she did not develop any evidence to subvert the trial court's implicit finding that the informant was reasonably believed. Thus, the Rule 508(c)(3) exception—where the informant's information is relied on to justify getting the evidence, that is, issuing the search warrant—has not been triggered. With nothing in the record indicating that the officer, when making out the affidavit seeking the search warrant, did not believe the informant to be reliable or credible, even a direct challenge to the warrant would not require a disclosure of the informant's identity. *See Blake v. State*, 125 S.W.3d 717 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Nothing in this record undermines the trial court's apparent finding of the informant's reliability.

Consequently, Camp did not meet the threshold burden to show that the Rule 508(c)(3) exception to the State's privilege applied. The trial court did not abuse its discretion in overruling

8

Camp's motion seeking to require disclosure of the confidential informant's identity. *See Washington v. State*, 902 S.W.2d 649, 656 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd); *Ashorn*, 802 S.W.2d at 892; *Bosquez v. State*, 792 S.W.2d 550, 552 (Tex. App.—El Paso 1990, pet. ref'd).

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     December 5, 2011
Date Decided:       December 22, 2011

Do Not Publish