Anthony E. GILL, Appellant,

v.

TEXAS DEPARTMENT OF CRIMI-
NAL JUSTICE, INSTITUTION-
AL DIVISION, Appellee.

No. 01–96–00876–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1999.

Anthony E. Gill, Angleton, pro se.

Jane Catherine Gillis, Michael Deponte, Austin, for Appellee.

Panel consists of Justices COHEN, O'CONNOR, and WILSON.

## OPINION

MICHOL O'CONNOR, Justice.

Anthony E. Gill, the plaintiff below and appellant here, appeals a summary judgment rendered in favor of the Texas Department of Criminal Justice, Institutional Division, the defendant below and appellee here (the TDCJ). We affirm.

### Factual Background

The plaintiff is an inmate housed at Ellis Unit I in Huntsville, Texas. On March 28, 1995, he was injured while loading tree stumps onto a truck owned by the TDCJ. While the plaintiff was in the bed of the truck, other inmates placed a tree stump onto the bed, which rolled and struck the plaintiff's leg. The plaintiff was seen on the same day by the Ellis Unit I medical department. His medical records indicate an abrasion two inches long and one-eighth inch deep, which was cleansed with the application of betadine and a band-aid. The plaintiff claims the injury left a scar on his leg.

The plaintiff sued the TDCJ under the Texas Tort Claims Act. The plaintiff alleged that Phillip Cobler, an employee of the TDCJ, was negligent in the performance of his responsibilities as a supervisor in accordance with the policies adopted by the TDCJ. The plaintiff also alleged he was injured through the use of a motor vehicle and tangible property. The TDCJ moved for summary judgment, asserting sovereign immunity. The trial court granted the motion for summary judgment, and this appeal followed.

### Recusal of Judge

Before the summary judgment hearing, the plaintiff filed a motion to recuse Judge McAdams, who was presiding over the plaintiff's lawsuit. Judge McAdams refused to recuse himself and referred the matter to Judge Thomas J. Stovall, presiding judge of the Second Administrative Judicial District. Judge Stovall assigned Judge Jerry Sandel to hear the recusal motion. The plaintiff filed "objections to the request for hearing before Judge Jerry Sandel." Judge Sandel conducted a hearing on the plaintiff's motion to recuse and denied the motion to recuse Judge McAdams. The plaintiff did not obtain a ruling on his "objections to the request for hearing before Judge Jerry Sandel."

■ In point of error one, the plaintiff asserts his due process rights were violated because Judge Sandel did not disqualify himself pursuant to Texas Government Code section 74.053.[1] The plaintiff asserts

---

1. Government Code section 74.053 involves peremptory challenges to a visiting judge. It provides as follows:

 (a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

 (b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

that Judge Sandel's disqualification was mandatory and automatic under Section 74.053. We disagree.

The plaintiff objected to Judge Sandel on the grounds that Judge Sandel would be prejudiced against him because Judge Sandel "enjoys a working relationship with Judge McAdams" and would deny him the opportunity to be heard on his claims against TDCJ. Thus, the plaintiff's objection was not a peremptory challenge to Judge Sandel as a visiting judge under Section 74.503. Because the plaintiff alleged partiality and prejudice as his grounds for Judge Sandel's recusal, his objection was brought under Texas Rules of Civil Procedure 18a[2] and 18b.[3]

■■■ Rule 18a requires that a motion for recusal or disqualification be verified and state with particularity why the judge before whom the case is pending should not sit. Tex.R. Civ. P. 18a(a). If a party does not comply with the mandatory requirements of Rule 18a, he waives his right to complain of a judge's refusal to recuse himself. *See McElwee v. McElwee,* 911 S.W.2d 182, 186 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *see also Vickery v. Texas Carpet Co.,* 792 S.W.2d 759, 763 (Tex.App.—Houston [14th Dist.] 1990, writ denied). The plaintiff's objection to Judge Sandel was not verified. However, because the plaintiff is an inmate he could have submitted an unsworn declaration instead of a verification. *See* Tex. Civ. Prac. & Rem.Code § 132.001(a); *see also Smith v. McCorkle,* 895 S.W.2d 692, 692 (Tex.1995) (section 132.001 permits inmates to file unsworn declarations instead of a verification). The plaintiff did not submit an unsworn declaration in support of his objection to Judge Sandel; therefore, he waived his right to complain on appeal.

We overrule point of error one.

### Summary Judgment

In points of error two and three, the plaintiff asserts the trial court improperly rendered summary judgment in favor of TDCJ.

### 1. Summary judgment standard

A defendant is entitled to summary judgment if it conclusively establishes all elements of an affirmative defense as a matter of law. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 494 (Tex.1991); *Rose v. Baker & Botts,* 816 S.W.2d 805, 809 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

■■■ We will affirm the summary judgment if any of the grounds advanced in the motion for that summary judgment is meritorious and the movant preserved those grounds for appellate review. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996); *Pena v. Van,* 960 S.W.2d 101, 103 (Tex.App.—Houston [1st Dist.] 1997, no writ). We will not consider any ground for reversal that was not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment. Tex.R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 675–77 (Tex.1979); *Pena,* 960 S.W.2d at 103.

---

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice. Tex. Gov't Code § 74.053.

**2.** Rule 18a sets forth the procedural requirements for the recusal or disqualification of a judge. Tex.R. Civ. P. 18a.

**3.** Rule 18b provides the circumstances under which a judge should be recused. Those circumstances include when the judge's impartiality might reasonably be questioned, or the judge has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. Tex.R. Civ. P. 18b(2)(a), (b).

## 2. Amendment of pleadings

 The plaintiff asserts TDCJ's motion for summary judgment was directed solely at his pleadings because TDCJ's motion stated he did not allege a cause of action that fell within the waiver of sovereign immunity. The plaintiff contends TDCJ's motion was really in the form of special exceptions attacking his pleadings. This assertion is without merit.

At the end of TDCJ's motion for summary judgment, under a section entitled "Conclusion," TDCJ alleged, "Plaintiff has failed to allege a cause of action which falls within the waiver of sovereign immunity provided by the Texas Tort Claims Act." This general statement, in a concluding paragraph, was not the basis on which TDCJ moved for summary judgment. Instead, TDCJ moved for summary judgment on the grounds that (1) it retained its sovereign immunity because Cobler was not personally liable; (2) Cobler's official immunity precluded its respondeat superior liability; (3) injury resulting from the negligent acts of nonemployees (the other inmates) is not a proper basis for suit under the Tort Claims Act; (4) failure to supervise, train, and protect against misuse of tangible property does not come within the waiver of immunity created by the Tort Claims Act; and (5) the plaintiff's allegations involved discretionary acts exempt from the waiver of sovereign immunity.

## 3. Entitlement to summary judgment as a matter of law

The plaintiff sued TDCJ for the negligence of TDCJ's employee (Cobler) under Tort Claims Act section 101.021. The plaintiff alleged Cobler was negligent in the performance of his responsibilities as a supervisor because he did not follow the policies adopted by TDCJ in its occupational health and safety manual. The plaintiff alleged Cobler was responsible for preventing accidents by ensuring that inmates maintain orderly work conditions, establishing work methods, assigning jobs, and giving directions.

A governmental entity's limited waiver of sovereign immunity is set out in Texas Civil Practices and Remedies Code section 101.021, which provides as follows:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:

(A) the property damage, *personal injury*, or death *arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and*

(B) *the employee would be personally liable to the claimant according to Texas law; and*

(2) personal injury and death so caused by a condition or use of tangible personal or real property *if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.*

Tex. Civ. Prac. & Rem.Code § 101.021 (emphasis added). The plaintiff alleged his cause of action under subsections 1 and 2 of Section 101.021.[4]

### a. *Immunity under subsection 1*

 A governmental entity may be liable for the torts of its employee arising from the use or operation of motor-driven vehicles or equipment if, among other things, the employee would be personally liable to the claimant under Texas law. Tex. Civ. Prac. & Rem.Code § 101.021(1)(A), (B); *see also DeWitt v. Harris County,* 904 S.W.2d 650, 653 (Tex.

---

4. The plaintiff alleged the dump truck used in hauling the tree stumps was a "motor vehicle," and the tree stumps were "tangible property" owned by TDCJ. TDCJ does not challenge these assertions. The plaintiff does not contend Cobler was using or operating the truck, and TDCJ does not contend he was not. We will assume without deciding that both subsections 1 and 2 apply here.

1995). An employee's negligence that is not directly involved in the use or operation of motor-driven equipment does not come within the waiver of immunity provided for in Section 101.021(1). *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.,* 835 S.W.2d 49, 51 (Tex.1992). The phrase, "arises from," requires a nexus between the injury negligently caused by a governmental employee and the operation or use of a motor-driven vehicle or piece of equipment. *LeLeaux,* 835 S.W.2d at 51. Immunity is only waived where the governmental employee, not a third party, is the operator of the motor vehicle causing the injury. *LeLeaux,* 835 S.W.2d at 51; *City of Columbus v. Barnstone,* 921 S.W.2d 268, 272 (Tex.App.—Houston [1st Dist.] 1995, no writ).

Here, the truck was not in operation; it was parked. The plaintiff does not allege his injury resulted from the operation or use of the truck; rather, he was injured when a tree stump rolled onto his leg while he happened to be standing in the truck bed. The truck was nothing more than the place where the plaintiff happened to injure himself. *See LeLeaux,* 835 S.W.2d at 51 (injury did not arise from operation or use of school bus because bus was parked and empty, and its motor was off); *see also Goston v. Hutchison,* 853 S.W.2d 729, 732–34 (Tex.App.—Houston [1st Dist.] 1993, no writ) (discussing the distinction between allegations of negligence related to the direction, control, and supervision of the injured party and allegations related to the negligent use of the motor vehicle itself). Therefore, TDCJ's immunity was not waived under Tort Claims Act section 101.021(1).

*b. Immunity under subsection 2*

 Subsection 2 provides for a waiver of sovereign immunity for injuries caused by a condition or use of either tangible personal property or real property. Tex. Civ. Prac. & Rem.Code § 101.021(2). Subsection 2 provides for governmental liability based on respondeat superior for the misuse by its employees of any tangible personal property, not just motor-driven vehicles or equipment. *De-Witt,* 904 S.W.2d at 653. Subsection 2 predicates the governmental unit's respondeat superior liability upon the liability of its employee. *Id.*

 When the governmental unit's liability under Section 101.021(2) is based on respondeat superior for an employee's negligence arising from the misuse of tangible personal property, the liability is derivative or indirect. *Id.* Respondeat superior imposes liability on the employer that is responsible for the acts of his employee, acting in the scope of his employment, when the negligence of the employee is shown to have been the proximate cause of injury. *Id.*

TDCJ relies on the following provision of the Texas Government Code:

*An employee of the Texas Department of Criminal Justice, sheriff, employee of a sheriff's department, county commissioner, county employee, county judge, employee of a community corrections and supervision department, restitution center, or officer or employee of a political subdivision other than a county is not liable for damages arising from an act or failure to act in connection with community service performed by an inmate imprisoned in a facility operated by the department or in connection with an inmate or offender programmatic or nonprogrammatic activity, including work, community service, educational, and treatment activities, if the act or failure to act was not intentional, wilfully or wantonly negligent, or performed with conscious indifference or reckless disregard for the safety of others.*

Tex. Gov't Code § 497.096 (emphasis added). TDCJ claims it retained its sovereign immunity because Cobler was not liable. Cobler is immune under Section 497.096 if he did not act with intentional, willful, or wanton negligence or reckless disregard for the plaintiff's safety. *See Cobb v. Tex-*

as *Dept. of Criminal Justice*, 965 S.W.2d 59, 63 (Tex.App.—Houston [1st Dist.] 1998, no pet.).

 Gross negligence is the entire want of care, raising the conclusion that the act or omission was the result of conscious indifference to the welfare of the injured party. *Cobb*, 965 S.W.2d at 62. Ordinary negligence rises to the level of gross negligence if the defendant's act or omission shows he was aware of the danger and did not care enough to avoid it. *Id.*

The accident that caused the plaintiff's injuries resulted from a tree stump rolling into his leg as it was being loaded onto a truck bed by other inmates. The "tangible property" the plaintiff contends caused his injury was the tree stump. The plaintiff does not contend Cobler's act or failure to act was intentional, wilfully or wantonly negligent, or performed with conscious indifference or reckless disregard for the safety of others. The plaintiff only asserts Cobler was negligent in the performance of his duties as a supervisor. Because the plaintiff does not contend Cobler's acts or omissions rose to the level of gross negligence, Cobler would not have been liable under Section 497.096. Because Cobler was not liable, TDCJ was not liable under the theory of respondeat superior, and TDCJ's immunity was not waived under Tort Claims Act section 101.021(2).

We overrule points of error two and three.

We affirm the trial court's judgment.