Opinion issued March 1, 
2005 
 
In The
Court of 
Appeals
For The
First District of 
Texas  

  
NO. 01-05-00143-CV  

  
WANDA HUDSON, AS THE MOTHER OF SUN, 
Appellant  
V.  
TEXAS CHILDREN’S HOSPITAL, 
Appellee  

  
On 
Appeal from Probate Court No. 4
Harris County, Texas
Trial Court Cause No. 
352,526  

  
OPINION DISSENTING FROM
THE DENIAL OF EN BANC 
CONSIDERATION
          I 
respectfully dissent from the denial of en banc consideration of this 
case.  Appellant filed an inadequate motion to recuse the trial judge and 
waived her right to complain about this issue on appeal.  The panel's 
holding that the trial judge was required either to "recuse himself or refer 
[appellant's motion to recuse] for determination by another judge" is in error 
and contrary to this Court's precedent, and extraordinary circumstances require 
en banc consideration.  See Tex. R. App. P. 
41.2(c).
          Here, 
appellant, in her motion to recuse, asserts that the trial judge "made a factual 
finding that Sun was in ‘significant pain.'"  Appellant alleges that 
"[s]uch a view could cause prejudice and bias and impartiality" because the 
judge was "likely [to] feel inclined to decide to make a ruling that would 
remove Sun from life support in order to relieve him of the pain."  From 
this, appellant concludes that the trial judge had "a preconceived factual 
opinion that creates bias and prejudice that prevents [him] from making a fair 
decision."
          A 
party in a hearing or trial in a statutory probate court may file a motion 
stating grounds for the recusal or disqualification of a judge.  Tex. Gov't Code Ann. § 25.00255(a) 
(Vernon 2004); Tex. R. Civ. P. 
18a(a).  Such a motion "must" be verified and "state with particularity" 
the "grounds" for recusal or disqualification of the judge.  Tex. Gov't Code Ann. § 25.00255(b) 
(Vernon 2004); Tex. R. Civ. P. 
18a(a).  The allegations in the motion must be based on "personal 
knowledge" or "specifically state" the grounds for the party's belief of the 
allegations.  Tex. Gov't Code 
Ann. § 25.00255(b)(3) (Vernon 2004); Tex. R. Civ. P. 18a(a).  Once such 
a motion is filed in statutory probate court, the trial judge must either (1) 
recuse himself or (2) request that the presiding judge of the statutory probate 
courts assign a judge to hear the motion.  Tex. Gov't Code Ann. § 25.00255(f) 
(Vernon 2004); Tex. R. Civ. P. 
18a(c).
          However, 
when a recusal motion is filed, the trial judge against whom the motion is 
directed may properly make an initial decision of whether the motion conforms 
with Rule 18a.  Barron v. State, 108 S.W.3d 379, 382 (Tex. 
App.—Tyler 2003, no pet.).  We have previously held that if a party does 
not comply with the mandatory requirements of Rule 18a, she waives her right to 
complain of a judge's refusal to recuse himself.  Gill v. Texas Dep't of 
Criminal Justice, 3 S.W.3d 576, 579 (Tex. App.—Houston [1st Dist.] 1999, no 
pet.).  In construing a previous version of Rule 18a, which provided that a 
trial judge was required to request that the presiding judge assign another 
judge to hear a motion to recuse, this Court noted that:
 While rule 
18a does mandate a hearing on a motion to recuse, such requirement is not 
triggered unless the recusal motion states valid grounds for 
disqualification.  
Texaco, Inc. v. Pennzoil, 
Co., 729 S.W.2d 768, 855 (Tex. App—Houston [1st Dist.] 1987, writ ref'd 
n.r.e.).  We held that "Texaco's rule 18a motion was inadequate" and "no 
additional hearing was mandated."  Id. at 856.  To support our 
holding we cited Gaines v. Gaines, 677 S.W.2d 727, 731 (Tex. App.—Corpus 
Christi 1984, no writ), wherein the court held that the contentions raised in a 
motion to disqualify were "without merit" because the appellant did "not 
establish enough information to warrant referral of the motion to the presiding 
judge."
          Likewise, 
here, appellant's cursory and conclusory motion to recuse the trial judge was 
inadequate because appellant did not state with particularity enough information 
to warrant referral of the motion to the presiding judge of the statutory 
probate courts.  She simply did not "specifically state" grounds for her 
belief that the trial judge was biased or prejudiced.  The fact that the 
trial judge expressed, in the context of expediting the case, concern that Sun 
was experiencing "significant pain," in no way supports an inference that the 
trial judge had "a preconceived factual opinion that creates bias and 
prejudice."
          Because 
appellant's motion to recuse the trial judge did not comply with the mandatory 
requirements of Government Code section 25.00255 and Rule 18a, I would hold that 
appellant has waived her right to complain of the trial judge's refusal to 
request that the presiding judge of the statutory probate courts assign a judge 
to hear the motion.  The panel's holding that the trial judge was required 
either to "recuse himself or refer [appellant's motion to recuse] for 
determination by another judge" is in error and contrary to our previous 
holdings in Texaco and Gill.[1]  
Accordingly, I would overrule appellant's first issue and reach the merits of 
the appeal.
 
 
                                                                        Terry 
Jennings
                                                                        Justice
Panel consists of Chief Justice 
Radack and Justices Higley and Bland.



NOTES
1.        The 
panel goes to great lengths to distinguish both Gill and 
Texaco.  Their distinctions are without a difference.  A party 
can either waive their right to complain of the issue of recusal or they cannot; 
this Court has already held that the recusal issue can be waived.