Opinion issued March 1, 
2005
In 
The
Court of 
Appeals
For 
The
First District of 
Texas


NO. 
01-05-00143-CV


WANDA HUDSON, AS THE 
MOTHER OF SUN, Appellant
V.
TEXAS CHILDREN’S 
HOSPITAL, Appellee

  
On Appeal from Probate 
Court No. 4
Harris County, 
Texas
Trial Court Cause No. 
352,526  

  
O P I N I O 
N  
          Appellant, 
Wanda Hudson, as the mother of Sun, sought injunctive relief in the trial court, 
requesting that appellee, Texas Children’s Hospital (“the hospital”) be ordered 
to continue life-sustaining treatment for her infant (“Sun”). Hudson based her 
claims on Texas Health and Safety Code subsection 166.046(g) (hereinafter 
“subsection 166.046(g)”),[1] 
the federal Emergency Medical Treatment and Active Labor Act (“EMTALA”),[2] 
and the Texas Health and Safety Code section 311.022[3] 
(commonly referred to as “the Texas anti-dumping statute”).
          Of 
the seven issues presented by Hudson on appeal, the dispositive issue that we 
address is whether the trial judge erred by denying Hudson’s motion to recuse 
himself, rather than referring the motion to the presiding judge of the 
statutory probate courts for assignment to another judge for determination, as 
required by our rules of procedure. Because we conclude that the trial judge did 
not follow this mandatory, prescribed procedure with regard to Hudson’s motion 
to recuse, we reverse and remand.
Factual and Procedural 
Background[4]
          Sun 
was born on September 25, 2004 at Hermann Hospital. Shortly thereafter, the 
infant was transferred to Texas Children’s Hospital where he was diagnosed with 
the genetic disorder “thanatophoric dysplasia” and placed on a ventilator. Sun’s 
treating physicians determined that, based on the infant’s prognosis, it was 
inappropriate to continue life-sustaining treatment. On October 13, 2004, the 
hospital’s bioethics committee met to review the decision of the treating 
physicians as required by Texas Health and Safety Code subsection 
166.046(a).[5] 
The committee agreed with the decision of the treating physicians to discontinue 
life-sustaining treatment and informed Hudson of its determination. The 
hospital’s bioethics committee reconvened and finalized its decision on November 
18, 2004. On that date, the hospital also notified Hudson in writing that it 
would discontinue care of Sun within 10 days, as provided in Health and Safety 
Code section 166.046, unless Hudson located a physician and hospital willing to 
care for Sun. Hudson requested an extension until December 6 to locate alternate 
medical care for her infant. The hospital agreed to the 
extension.
          Litigation 
ensued with Hudson filing suit, seeking an injunction to compel the hospital to 
continue life-sustaining treatment for Sun and monetary damages. At the outset, 
the trial court issued a temporary restraining order, preventing the hospital 
from discontinuing life-sustaining treatment for Sun. The restraining order was 
extended as the litigation progressed.
          On 
February 8, 2005, the trial court granted the hospital’s special exceptions as 
to Hudson’s EMTALA and Texas anti-dumping claims. The trial court also dismissed 
these claims, leaving only Hudson’s claim for injunctive relief under subsection 
166.046(g). Also on February 8, the trial court granted the hospital’s motion to 
quash subpoenas, which had been filed by Hudson.
          The 
trial court set Hudson’s temporary injunction for hearing on February 9, 2005. 
At the hearing, Hudson requested the trial court to reconsider its rulings on 
the special exceptions. The trial court agreed, but expressed concern over 
further delaying the ultimate resolution of the matter. In this regard, the 
presiding judge remarked, “I am concerned about this continuing to go on and on 
because I am concerned about the baby. I understand that the baby is in 
significant pain. I think the longer we are going on with this, especially, if 
the end result is going to be the same -- I think, you know, it’s something that 
we all need to take into account.” At that point, Hudson’s counsel asked, “Your 
Honor, may I ask how the Court knows that the child is in significant pain, 
since, we haven’t heard any testimony?” and inquired whether there had been ex 
parte communication. The trial judge responded, “I don’t know where it would 
have been. I think I read it in the newspaper. I don’t know who told me.”  
Hudson orally moved for a mistrial; the trial court did not expressly rule on 
the motion for mistrial.
          The 
hearing then continued with regard to Hudson’s subsection 166.046(g) claim, 
requesting the court to order the hospital to continue life-sustaining treatment 
for Sun.  To obtain that relief, Hudson had the burden to show by a 
preponderance of the evidence that there was a reasonable expectation that 
another physician or health care facility would honor her directive to continue 
life-sustaining treatment to Sun.[6]  
Hudson admitted that she had no evidence to present at that time and had not 
found a healthcare provider who would care for Sun.
          The 
court ruled that, pending the hearing on Hudson’s motion for reconsideration, 
its order requiring the hospital to continue life-sustaining treatment for Sun 
remained in effect.  The court also held that it deferred its final ruling 
on Hudson’s subsection 166.046(g) request until the hearing on the motion for 
reconsideration to allow additional time for Hudson to find an alternate 
healthcare provider for Sun.
          On 
February 14, Hudson filed her “Motion for New Trial and To Reconsider Ruling 
Granting Defendant’s Special Exceptions and to Quash Subpoenas.”  The 
hearing on the motion was scheduled for 2:00 p.m. on February 16.  Shortly 
before the hearing began on the 16th, Hudson filed a verified motion to recuse 
the trial judge.  The motion was based on the remarks that the trial judge 
had made at the February 9th hearing pertaining to Sun’s being in “significant 
pain.”  The motion alleged that the trial judge has “a preconceived factual 
opinion that creates a bias and prejudice that prevents him from making a fair 
decision.”
          At 
the beginning of the February 16th hearing, the trial judge stated on the record 
that Hudson had filed the motion for recusal shortly before the hearing.  
The hospital argued that the motion to recuse had not been brought in good faith 
but for purposes of delay.  The trial judge orally denied the motion, 
concluding that, because Hudson had knowledge of the basis for the motion since 
the 9th, the motion was untimely.  The trial judge also clarified that he 
had read in the pleadings that Sun was in pain.
          The 
court then continued with the hearing and heard arguments related to Hudson’s 
motion for reconsideration.  At the conclusion of the hearing, the trial 
court ruled that Hudson’s motion for rehearing on the special exceptions was 
denied.  The court also stated that Hudson’s subsection 166.046(g) request 
for the court to order the hospital to continue life-sustaining treatment was 
denied.  The trial court then signed (1) an order denying Hudson’s motion 
for new trial and motion to reconsider the granting of the hospital’s special 
exceptions and motion to quash subpoenas, (2) a final judgment denying Hudson’s 
request for extension of time under Texas Health and Safety Code subsection 
166.046(g), and (3) an order denying Hudson’s motion to recuse.  The order 
denying the motion to recuse provided, in part, that the motion was not timely 
filed and that Hudson had not shown good cause for not filing the motion 
earlier.
          Hudson 
filed a notice of appeal in this Court on February 16, 2005.  We stayed the 
enforcement of the trial court’s final judgment and ordered an expedited 
briefing schedule.
Recusal
          In 
her first issue, Hudson contends that the trial judge did not follow proper 
procedure when he denied her motion to recuse.  In response, the hospital 
contends that the trial judge was permitted to determine the motion’s timeliness 
and then dismiss it on that basis.
          Once 
a motion to recuse is filed in statutory probate court, the trial judge has two 
options before taking any other action: (1) recuse himself or (2) request that 
the presiding judge of the statutory probate courts assign a judge to hear the 
motion to recuse.  Tex. Gov’t Code 
Ann. § 25.00255(f) (Vernon 2004); Tex. R. Civ. P. 18a(c).  The Texas 
Supreme Court has held that the recuse or refer procedure is mandatory.  
See McLeod v. Harris, 582 S.W.2d 772, 774 (Tex. 1979).
          The 
recusal movant must file her motion to recuse 10 days before the next trial or 
hearing. Tex. Gov’t Code Ann. § 
25.00255(b); Tex. R. Civ. P. 
18a(a).  However, “[the] ten-day requirement of Rule 18a does not 
contemplate the situation in which a party cannot know the basis of the recusal 
until after a motion for recusal is no longer timely.”  Keene Corp. v. 
Rogers, 863 S.W.2d 168, 171 (Tex. App.—Texarkana 1993, no writ); see also 
Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, 
writ denied) (“Where the movant in a motion to recuse does not receive 10 days 
notice of the hearing on the matter from which he seeks to recuse the judge, the 
10-day requirement of rule 18a(a) cannot apply.”).
          We 
acknowledge that this Court has implied that a trial judge may determine whether 
the 10-day requirement of Rule 18a(a) has been met before deciding whether to 
recuse or refer.  Petitt v. Laware, 715 S.W.2d 688, 692 (Tex. 
App.—Houston [1st Dist.] 1986, writ ref’d n.r.e.) (concluding that mandatory 
provisions to recuse or refer do not come into play if motion is untimely 
filed).  The instant case, however, belongs to a subset of cases in which 
the 10-day requirement of Rule 18a(a) does not apply because either (1) the 
claimed event that triggers recusal occurs less than 10-days before the next 
scheduled hearing or (2) the movant in a motion to recuse does not receive 10 
days notice of the hearing on the matter from which he seeks to recuse the 
judge.  We have found no authority in which the triggering event occurred 
within the 10-day period preceding trial or a scheduled hearing and it was held 
that it was proper for the trial judge to determine whether the written motion 
to recuse was filed timely.  To the contrary, when the timing of events 
renders the 10-day requirement inapplicable, courts have held that the trial 
judge has only two options: recuse or refer.  See Metzger, 892 
S.W.2d at 49; see also In re Healthmark Partners, L.L.C., No. 
14-04-00743-CV, 2004 WL 1899953, at *1–*2 (Tex. App.—Houston [14th Dist.] Aug. 
26, 2004, orig. proceeding) (mem. op.) (ruling that trial judge could not refuse 
to act on motion to recuse filed three days before trial and based on judge’s 
comments made five days before trial; rather, judge was required to recuse or 
refer).
          Whether 
Hudson’s motion to recuse was not timely because no good cause was shown for the 
seven–day delay in its filing was not for the trial judge to determine.[7]  
Rather, the determination of whether a motion to recuse is timely, particularly 
when the 10-day requirement of Rule 18a(a) is inapplicable, is a fact-intensive 
inquiry to be made by the judge assigned to hear the motion to recuse. See In 
re Healthmark Partners at *2 (concluding that determination of whether 
recusal movant brought motion for purposes of delay and without sufficient 
cause, in context of Rule 18a(f) sanctions, was for judge who heard recusal 
motion to decide).  Thus, once a motion to recuse is filed, a trial judge 
must either recuse or refer and make no other determinations.  “To hold 
otherwise undermines the purpose of the rule: to distance the trial judge from 
the recusal proceedings and afford a neutral arbitration of the movant’s 
complaint.”  Bruno v. State, 916 S.W.2d 4, 9 (Tex. App.—Houston [1st 
Dist.] 1995, pet. ref’d) (Hedges, J., concurring).  This is especially 
true, when, as here, the movant complains that the trial judge’s handling of the 
proceedings may be governed by personal bias.  Such procedure serves not 
only to protect the movant and the integrity of the proceedings, but also to 
protect the judge from later accusations that his decision to deny the motion 
was equally motivated by bias or prejudice.
          Based 
on the circumstances presented, the trial judge had two options: to recuse 
himself or refer the motion for determination by another judge.  See 
Metzger, 892 S.W.2d at 49.  Because he did neither, his actions taken 
after the motion to recuse was filed are “void.” Johnson v. Pumjani, 56 
S.W.3d 670, 672 (Tex. App.—Houston [14th Dist.] 2001, no pet.); Brosseau v. 
Ranzau, 28 S.W.3d 235, 238 (Tex. App.—Beaumont 2000, no pet.); In re Rio 
Grande Valley Gas Co., 987 S.W.2d 167, 180 (Tex. App.—Corpus Christi 1999, 
orig. proceeding).  Such actions include the trial judge’s signing of (1) 
the order denying Hudson’s motion for new trial and motion to reconsider the 
granting of the hospital’s special exceptions and motion to quash subpoenas, (2) 
the final judgment denying Hudson’s request for extension of time under Texas 
Health and Safety Code § 166.046(g), and (3) the order denying Hudson’s motion 
to recuse.
          The 
hospital also contends that the motion to recuse was properly denied because (1) 
the motion was not based on personal knowledge, (2) the motion failed to state 
valid grounds for recusal, (3) Hudson orally disavowed the motion filed by her 
counsel at the hearing on February 16, 2005, and (4) Hudson was estopped from 
filing the motion because she had requested affirmative relief from the trial 
court after the event on which she based the motion to recuse.  However, 
these are also issues that were not appropriate for the trial judge to 
determine.  See Carson v. McAdams, 908 S.W.2d 228, 228 (Tex. 
App.—Houston [1st Dist.] 1993, orig. proceeding); Carson v. Gomez, 841 
S.W.2d 491, 492-93 (Tex. App.—Houston [1st Dist.] 1992, no writ).  As we 
have stated, the trial here had two options after the motion to recuse was 
filed: recuse or refer.
          The 
dissent states that our holding that the trial judge is required to either 
recuse or refer a motion to the administrative judge is “in error and contrary 
to this Court’s precedent.”  We feel duty-bound to point out that the 
dissent’s statement is contrary to the applicable law of this case and is 
supported by inapposite authority.
          The 
dissent cites Texaco v. Pennzoil, 729 S.W.2d 768, 855 (Tex. App.—Houston 
[1st Dist.] 1986, writ. ref’d n.r.e) and Gill v. Texas Department of Criminal 
Justice, 3 S.W.3d 576, 579 (Tex. App.—Houston [1st Dist.] 1999, no pet.), in 
support of its position.  Both Texaco and Gill, however, 
involved circumstances and issues distinct from what is presented here.  
Neither case stands for the proposition that a trial judge may review a motion 
to recuse to determine whether it states valid grounds for recusal before 
the trial judge must follow the mandatory requirements of Rule 18a to recuse 
himself or refer to the administrative judge. To the contrary, and 
significantly, both Texaco and Gill involved circumstances in 
which the trial judge had followed the recuse or refer mandate of Rule 18a. 
Texaco, 729 S.W.2d at 853; Gill, 3 S.W.3d at 
578.
          In 
Gill, the trial judge refused to recuse himself and then referred the 
matter to the administrative judge, as required by Rule 18a.  Gill, 
3 S.W.3d at 578.  The administrative judge then assigned the motion to 
another judge for determination.  Id.  After the assignment, 
the recusal movant filed objections to the assigned judge hearing the 
motion.  Id. at 579.  The assigned judge denied the motion to 
recuse the trial judge without addressing the movant’s objections to his own 
assignment. Id. On appeal, the movant asserted that the assigned judge 
was required to disqualify himself pursuant to Texas Government Code section 
74.053, which governs peremptory challenges to visiting judges. Id. at 
578.
          This 
Court determined that the movant’s objections to the assigned judge were 
governed by the requirements of Rule 18a.  Id. at 579.  One of 
the requirements of Rule 18a is that the motion be verified. Id. We 
concluded that the motion was not properly verified, even under the less rigid 
standards afforded prison inmates such as the movant. Id. For this 
reason, we held that the movant had waived his right to complain of the visiting 
judge’s assignment on appeal. Id.
          In 
contrast, the instant case does not involve an objection to a visiting judge and 
does not involve an unverified motion. Indeed, the motion in this case was 
verified. Thus, our holding in Gill is inapposite to the instant issue 
before us.
          Our 
holding in Texaco is also inapplicable to the instant case. In 
Texaco, the trial judge referred the motion to recuse to the 
administrative judge, who determined the motion to recuse. Texaco, 729 
S.W.2d 853. The administrative judge found that the reason stated in the motion 
to recuse the trial judge was not valid and refused to hold a further hearing on 
the matter. Id. at 852. The issue in Texaco was not whether the 
trial judge could determine the validity of the motion on its face before 
deciding to recuse or refer. Rather, the issue presented in Texaco was 
whether the administrative judge was required to hold an evidentiary hearing on 
the motion to recuse before denying it. Id. Thus, it was in this context 
that we recognized that “[w]hile rule 18a does mandate a hearing on a motion to 
recuse, such requirement is not triggered unless the recusal motion states valid 
grounds for disqualification.” Id. at 855. Because the instant case does 
not involve whether the judge to whom a motion to recuse is assigned must hold a 
hearing before denying the motion, our holding in Texaco is equally 
inapposite to the issue before us.
          With 
respect to recusal motions filed within the 10-day period before a hearing or 
trial, as discussed above, this Court’s decisions are entirely internally 
consistent and are consistent with that of our sister court, the Fourteenth 
Court of Appeals. See Metzger, 892 S.W.2d at 49; Healthmark Partners, 
L.L.C., No. 14-04-00743-CV, 2004 WL 1899953, at *1–*2. This Court has never 
held that a trial judge may deny a motion to recuse based on his or her own 
judgment that the motion failed to present valid grounds for recusal. This Court 
has also never held, as advocated by the dissent, that a recusal movant “waives” 
her right to appeal the trial judge’s failure to follow the mandatory recuse or 
refer procedure under such circumstances, when the motion does not state valid 
grounds. Such holdings would nullify the fundamental purpose of the rule: to 
have a neutral arbitration of the movant’s complaint.
          We 
sustain Hudson’s first issue.[8]
Conclusion
          We 
hold that the trial judge erred when he did not follow the mandatory 
requirements either to recuse himself or to refer the motion to recuse to the 
presiding judge of the statutory probate courts and instead denied the motion to 
recuse.
          Accordingly, 
we reverse the final judgment of the trial court and remand the cause to that 
court to allow the trial judge either to recuse or to refer to the presiding 
judge of the statutory probate courts.  The case, in effect, returns to the 
point in time when the motion to recuse was filed.
          Because 
of the time-sensitive nature of what is at stake in this case, no motion for 
rehearing will be entertained.  See Tex. R. App. P. 49.4.  The mandate 
may issue early in this case if the parties so agree, or for good cause on the 
motion of a party.  Tex. R. App. P. 
18.1(c).
                                                                        Laura 
Higley
                                                                        Justice  

Panel consists of Chief Justice Radack and Justices 
Higley and Bland.  
Justice Bland, concurring.  
En 
banc consideration was requested. See Tex. R. App. P. 
41.2(c).  
A 
majority of Justices voted against en banc consideration. See 
id.  
Justice Jennings, dissenting from the denial of en banc 
consideration.


 
NOTES
1. 
       Tex. Health & Safety Code Ann. § 
166.046(g) (Vernon Supp. 2004-2005).
2. 
       42 U.S.C. 1395dd (Law. 
Co-op. 2001 & Supp. 2004).
3. 
       Tex. Health & Safety Code Ann. § 
311.022 (Vernon 2001).
4. 
       The fundamental 
background facts of the underlying suit appear to be undisputed.
5. 
       Tex. Health & Safety Code Ann. § 
166.046(a).
6. 
       Tex. Health & Safety Code Ann. § 166.046(g).
7. 
       It is difficult to 
measure whether a motion to recuse is “untimely” when the only objective 
standard—the 10–day requirement—is not applicable. Although stated in terms of 
“timeliness,” the issue in reality appears to be whether Hudson delayed 
unreasonably when she waited until February 16th to file her motion. We note 
that Rule 18a(h) provides for sanctions if the motion to recuse is brought for 
delay and without sufficient cause. But that determination should also be made 
by the judge hearing the motion to recuse. See Tex. R. Civ. P. 18a(h); see also In 
re Healthmark Partners, L.L.C., No. 14-04-00743-CV, 2004 WL 1899953, at *2 
(Tex. App.—Houston [14th Dist.] Aug. 26, 2004, orig. proceeding) (mem. 
op.).
8. 
       Because we sustain 
Hudson’s first issue, we need not address her other 
issues.