**Opinion issued July 19, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00393-CV

————————————

**PAMELA ROCHELLE KINNEY, Appellant**

**V.**

**CHARLES PATRICK BATTEN, Appellee**

———

**On Appeal from the 387th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 06-DCV-151570**

———

**MEMORANDUM OPINION**

Pamela Rochelle Kinney and Charles Patrick Batten had a brief relationship that produced a child, born in December 2005. After a paternity test confirmed that Batten was the father, the Texas Attorney General's Office began this suit to

establish child support. The trial court entered temporary orders designating Kinney as the sole managing conservator, requiring Batten to pay monthly child support and allowing Batten supervised visitation with the child. Kinney and Batten filed counter-petitions to establish their rights and obligations in parenting the child. The parties tried the case to the bench, and the trial court decided that joint managing conservatorship was in the best interest of the child. The court entered a standard possession order and made findings of fact and conclusions of law supporting its decisions. Kinney appeals, contending that the trial court erred in: (1) designating the parties as joint managing conservators; (2) entering a standard possession order; and (3) awarding Batten his attorney's fees. Kinney also complains that the trial court lacked impartiality. We hold that the trial court did not abuse its discretion in ordering a joint managing conservatorship and standard possession, or in awarding Batten his attorney's fees. We further hold that Kinney waived her judicial bias challenge by untimely raising it. We therefore affirm.

## Background

The parties hotly contested much of the evidence relating to their dispute. It is undisputed, however, that Batten was not present at the child's birth; he saw his daughter for the first time a month later, when he submitted to a paternity test. He visited the child a few times.

This suit began in August 2006, when the child was nine months old. A little over a year later, the trial court entered temporary orders awarding Batten supervised visitation with the child one Sunday morning per month. The trial court placed these restrictions on Batten's visitation based on Kinney's allegations that Batten had tried to poison her several times by giving her food contaminated with codeine, a medication to which Kinney was allergic. Kinney alleged that Batten would bring pastries or other food to her when he came to visit, and she would become ill within a few days after she consumed the food, to the point that she required hospitalization. Kinney also alluded to a toxicology report concluding that her hair follicles tested positive for the presence of codeine. She never proffered the report or any medical or police records to corroborate her allegations.

Batten denied Kinney's accusations. At the time the trial court entered the temporary orders in February 2008, Kinney had filed several police reports, and her complaints were the subject of a criminal investigation by the Sugar Land Police Department. Ultimately, however, no charges were filed against Batten.

Beginning in late 2009, Batten began to visit the child according to the schedule set out in the temporary orders. In the twelve months preceding trial, Batten visited with the child seven out of twelve possible times. Kinney testified that Batten made very little effort to visit the child; Batten responded that Kinney had denied him access to the child on the Sundays that he did not visit.

3

The trial court entered judgment that named both Batten and Kinney joint managing conservators of the child and included a standard possession order. Relevant to this appeal, the trial court made the following findings of fact and conclusions of law:

- The evidence was legally and factually insufficient to overcome the presumption that it is in the best interest of the child that both parents should be appointed joint managing conservators of the child.

- Entry of a standard possession order for Charles Patrick Batten effective on entry of final judgment [i]s in the best interest of the child because there is no proven reason to deprive him of that right.

- The restrictions on Batten's visitation set forth in the March 2008 temporary order resulted from serious allegations concerning Batten's conduct, namely Kinney's uncorroborated testimony that Batten attempted to harm her on several occasions by providing her with contaminated food.

- Charles Batten denied Kinney's accusations and, by the time of the 2010 trial, no charges had been filed. The trial court was not persuaded that Batten posed a threat to Kinney's safety and welfare or to the child.

- Kinney had consistently tried to interfere with Batten's access to the child, so that it was in the child's best interest to place a geographic restriction on

4

Kinney's residence in Fort Bend County and Batten's residence in Collin County to promote joint conservatorship.

**Discussion**

### I. *Standard of Review for Decrees Affecting the Parent-Child Relationship*

Trial courts have wide discretion with respect to custody, control, possession, support, and visitation matters involving the child. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982) (custody); *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (child support). We review a trial court's decision on custody, control, possession, and visitation matters for an abuse of discretion, and reverse the trial court's order only if we determine, from reviewing the record as a whole, that the trial court's decision was arbitrary and unreasonable. *Patterson v. Brist*, 236 S.W.3d 238, 239–40 (Tex. App.—Houston [1st Dist. 2006, pet. dism'd) (citing *Turner v. Turner*, 47 S.W.3d 761, 763 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). We also apply the abuse-of-discretion standard to review a trial court's determination of conservatorship. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (citing *Gillespie*, 644 S.W.2d at 451). We view the evidence in the light most favorable to the trial court's decision and indulge every legal presumption in favor of its judgment. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). We will reverse only if trial court abused its discretion by acting without

5

reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). There is no abuse of discretion if some evidence supports the decision. *Holley*, 864 S.W.2d at 706.

### A.    *Rights of Joint Conservatorship*

In determining conservatorship and possession issues, the best interest of the child is always the primary consideration. TEX. FAM. CODE ANN. § 153.002 (West 2008); *Lenz v. Lenz*, 79 S.W.3d 10, 14 (Tex. 2002). "The public policy of this state is to: (1) assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child; (2) provide a safe, stable, and nonviolent environment for the child; and (3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage." TEX. FAM. CODE ANN. § 153.001(a) (West 2008). The burden of proof in conservatorship cases is a preponderance of the evidence. *Id.* § 105.005 (West 2008); *Monroe v. Alts. in Motion*, 234 S.W.3d 56, 65 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The following factors are reviewed to determine whether the presumption in favor of joint managing conservatorship has been rebutted: (1) benefits to the child, (2) the cooperative decision-making ability of the parents, (3) geographical proximity, (4) the parents' ability to promote a positive relationship with the other parent, (5) the parents' prior child-rearing participation, and (6) any other relevant

factor. *See* TEX. FAM. CODE ANN. § 153.134(a) (West 2008); *see also In re Marriage of Bertram*, 981 S.W.2d 820, 825 (Tex. App.—Texarkana 1998, no pet.).

Kinney's contention that the trial court erred in concluding that joint managing conservatorship is in the best interest of the child is premised on her uncorroborated testimony that Batten had tried to poison her. Kinney mistakenly characterizes the testimony as uncontradicted. Batten plainly denied having made any such attempt, and Kinney neither produced the toxicology report she claimed existed nor provided any evidence linking Batten to the criminal act that she alleged. When there is conflicting evidence, it is the province of the factfinder to resolve such conflicts. *City of Keller v. Wilson*, 168 S.W.3d 802, 820 (Tex. 2005). The trial court acted within its discretion in discounting Kinney's testimony in this matter, as well as other parts of Kinney's uncorroborated testimony that cast a negative light on the quality of Batten's interaction with the child.

### B. Standard Possession Order

As with joint managing conservatorship, the Texas Family Code creates a presumption that the standard possession order, which provides for a parent's regular and reasonable minimum possession of a child, is in the child's best interest. *See* TEX. FAM. CODE ANN. § 153.131 (West 2008); *In re V.L.K.*, 24 S.W.3d 338, 339–40 (Tex. 2000); *In re K.R.P.*, 80 S.W.3d 669, 675 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Given the lack of corroboration for

Kinney's accusations against Batten and the contested evidence concerning her obstruction of Batten's access to the child, the trial court was entitled to disregard Kinney's testimony and find Batten's testimony to be credible. We hold that the trial court could have reasonably concluded that Kinney failed to rebut the presumption that the standard possession order was in the child's best interest. *See* TEX. FAM. CODE ANN. § 153.252 (West 2008) (creating rebuttable presumption that standard possession order, which provides reasonable minimum possession of child for parent named joint managing conservator, is in child's best interest). Accordingly, the trial court's award of standard possession to Batten does not constitute an abuse of discretion.

## II.    *Attorney's Fee Award*

Kinney next complains that the trial court erred in awarding Batten his attorney's fees and expenses. Under the Family Code, the trial court "may render judgment for reasonable attorney's fees and expenses" in suits affecting the parent-child relationship like this one. *See* TEX. FAM. CODE ANN. § 106.002 (West 2008). Batten requested attorney's fees and expenses in his pleadings.

Kinney contends that the trial court lacked the authority to award Batten his attorney's fees and expenses because the findings of fact and conclusions of law refer only to Texas Rule of Civil Procedure 131, which provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein,

8

except where otherwise provided." TEX. R. CIV. P. 131. Kinney correctly observes that this conclusion supports the trial court's award of costs. The trial court concluded that "Batten is considered the 'successful' party to this case as contemplated by Tex. R. Civ. P. 131 because he received a favorable ruling."

The trial court's reference to Rule 131 in this conclusion, however, does not constrain its authority to award attorney's fees and expenses under the Family Code. The trial court addresses its authority to award attorney's fees and expenses in other findings and conclusions. In particular, the trial court found that good cause supported an award of attorney's fees incurred by Batten for his counsel's representation in the case, and that the amount of the award was supported by testimony that it was both reasonable and necessary.

Kinney also challenges the trial court's finding of good cause, claiming that she, too, was successful because she received an adjudication of parentage and child support. Batten, however, did not resist paternity testing and acknowledged that he was the child's father by signing a statement of paternity in 2006. Kinney overlooks the main thrust of her efforts in the litigation, which was to prevent Batten from gaining joint managing conservatorship and possessory rights. The trial court did not abuse its discretion in concluding that Batten prevailed in the main disputes addressed in the suit.

9

### III. *Denial of Motion to Recuse*

In her appellate brief, Kinney makes various allegations of bias against the trial judge who presided over the case. Texas Rule of Civil Procedure 18b provides the circumstances under which a judge should recuse from a case. *Gill v. Tex. Dep't of Crim. Justice, Inst'l Div.*, 3 S.W.3d 576, 579 n.3 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see* TEX. R. CIV. P. 18b. Rule 18a sets forth the procedural requirements for seeking the recusal or disqualification of a trial judge. *See Barron v. Att'y Gen.*, 108 S.W.3d 379, 382 (Tex. App,—Tyler 2003, no pet.); *Gill*, 3 S.W.3d at 579 n.2; *see also* TEX. R. CIV. P. 18a. Among other requirements, Rule 18a requires that a motion to recuse be filed at least ten days before the date set for trial or other hearing, be verified, and state with particularity the grounds for recusal. TEX. R. CIV. P. 18a(a). Kinney did not file a written motion to recuse the trial judge until on or about January 13, 2011, after the trial judge hearing this case had ruled and after she had moved for new trial.[1]

A party who fails to comply with Rule 18a's requirements fails to preserve any issue for appeal. *Barron*, 108 S.W.3d at 382; *Gill*, 3 S.W.3d at 579. We hold

---

[1]  The record does not contain a written motion to recuse the trial judge, but Kinney's counsel alleges judicial misconduct in arguing the motion for new trial on that date. The record contains an order dated April 5, 2012 denying her motion to recuse filed in the case signed by the presiding judge of the second judicial administrative region.

10

that Kinney waived her complaints concerning judicial bias by failing to timely file a motion to recuse the trial judge.

## Conclusion

We hold that the trial court did not abuse its discretion in ordering a joint managing conservatorship and standard possession, or in awarding Batten his attorney's fees and expenses. We further hold that Kinney waived her judicial bias challenge by untimely raising it. We therefore affirm the judgment of the trial court. We deny all pending motions as moot.


Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Brown.