**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 30, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-13-00575-CR
NO. 14-13-00576-CR
NO. 14-13-00577-CR

**IN RE ROBERT RANDALL LONG, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**177th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1216882, 1235282, & 1273161**

## MEMORANDUM OPINION

On July 5, 2013, relator Robert Randall Long filed a petition for writ of mandamus in this court. In the petition, relator asks this court to compel the

Honorable Ryan Patrick, presiding judge of the 177th District Court of Harris County, to refrain from ruling on any motions in relator's pending actions.

Relator contends he filed a motion to recuse the trial court on May 8, 2013. Relator further contends that the trial court has ruled on other motions after the filing of the recusal motion in violation of Texas Rule of Civil Procedure 18a.

The procedures for recusal of judges set out in Rule 18a of the Texas Rules of Civil Procedure apply in criminal cases. *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004). Rule 18a provides:

> At least ten days before the date set for trial or other hearing in any court other than the Supreme Court, the Court of Criminal Appeals or the court of appeals, any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case. The grounds may include any disability of the judge to sit in the case. The motion shall be verified and must state with particularity the grounds why the judge before whom the case is pending should not sit. The motion shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence provided that facts may be stated upon information and belief if the grounds of such belief are specifically stated.

Tex. R. Civ. P. 18a(a).

If a party does not comply with the mandatory requirements of Rule 18a, he waives his right to complain of a judge's refusal to recuse himself. *In re A. V.*, 350 S.W.3d 317, 321 (Tex. App.—San Antonio 2011, no pet.); *Gill v. Tex. Dep't of Criminal Justice, Institutional Div.*, 3 S.W.3d 576, 579 (Tex. App.–Houston [1st Dist.] 1999, no pet.).

Relator attached to his petition a copy of a document entitled, "Amended Motion for Judge to Disqualify or Recuse Himself." The document does not bear a file stamp or any indication it was filed with the District Clerk or presented to the trial court. We cannot determine from this record whether relator complied with Rule 18a. *See In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (A relator must show that the trial court received, was aware of, and asked to rule on the motion.).

Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Brown, Christopher, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

3